ORIGINAL

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiffs
CRAIG YATES
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

**FILED**

MAR 1 8 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*EMC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual; and
DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU
HELP OTHERS, a California public benefit
corporation,

    Plaintiffs,

v.

IGNACIO PROPERTIES, LLC, a Delaware
limited liability company a.k.a. SHANGHAI
GARDEN RESTAURANT, inclusive,

    Defendant

CASE NO. **1189**

**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1ˢᵗ CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3ʳᵈ CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4ᵗʰ CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3   corporation (hereinafter sometimes referred to as "DREES"), complain of defendant IGNACIO

4   PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI GARDEN

5   RESTAURANT, and allege as follows:

6   **INTRODUCTION:**

7   1.   This is a civil rights action for discrimination against persons with physical

8   disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

9   members, for failure to remove architectural barriers structural in nature at defendants' Shanghai

10   Chinese Garden restaurant, a place of public accommodation, thereby discriminatorily denying

11   plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

12   full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

13   services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

14   the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

15   §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16   2.   Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

17   November 4, 2008, November 9, 2008, November 19, 2008, November 22, 2008,

18   November 28, 2008, December 8, 2008, December 26, 2008, January 2, 2009 and February 18,

19   2009, was an invitee, guest, patron, customer at defendants' Shanghai Garden Chinese

20   Restaurant, in the City of Novato, California.  At said time and place, defendants failed to

21   provide proper legal access to the restaurant, which is a "public accommodation" and/or a

22   "public facility" including, but not limited to the entry, men's restroom and women's restroom.

23   The denial of access was in violation of both federal and California legal requirements, and

24   plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was

25   embarrassed and humiliated.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 **JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; Title 24 California Building Standards Code.

9      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 471 Entrada Drive, in the City of Novato, County of Marin, State of California, and that

12 plaintiffs' causes of action arose in this county.

13 **PARTIES:**

14      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

2    HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

3    with persons with disabilities to empower them to be independent in American society. DREES

4    accomplishes its goals and purposes through education on disability issues, enforcement of the

5    rights of persons with disabilities, and the provision of services to persons with disabilities, the

6    general public, public agencies and the private business sector. DREES brings this action on

7    behalf of its members, many of whom are persons with physical disabilities and whom have

8    standing in their right to bring this action.

9    7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

10   and invitees at the subject Shanghai Chinese Garden restaurant, and that the interests of plaintiff

11   DREES in removing architectural barriers at the subject Shanghai Garden restaurant advance the

12   purposes of DREES to assure that all public accommodations, including the subject restaurant,

13   are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff

14   DREES as alleged herein is purely statutory in nature.

15   8.    Defendant IGNACIO PROPERTIES, LLC, a Delaware limited liability company

16   a.k.a. SHANGHAI GARDEN RESTAURANT (hereinafter alternatively collectively referred to

17   as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors

18   and/or lessees, of the public accommodation known as Shanghai Chinese Garden restaurant,

19   located at/near 471 Entrada Drive, Novato, California, or of the building and/or buildings which

20   constitute said public accommodation.

21   9.    At all times relevant to this complaint, defendant IGNACIO PROPERTIES, LLC,

22   a Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, owns and

23   operates in joint venture the subject Shanghai Chinese Garden restaurant as a public

24   accommodation. This business is open to the general public and conducts business therein. The

25   business is a "public accommodation" or "public facility" subject to the requirements of

26   California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

27   ADA, 42 U.S.C. §12101, *et seq.*

28   ///

1     10.     At all times relevant to this complaint, defendant IGNACIO PROPERTIES, LLC,

2  a Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT , is jointly

3  and severally responsible to identify and remove architectural barriers at the subject Shanghai

4  Chinese Garden restaurant pursuant to Code of Federal Regulations title 28, section 36.201(b),

5  which states in pertinent part:

6          **§ 36.201     General**

7             (b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
8          accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
9          requirements of this part.  As between the parties, allocation of
responsibility for complying with the obligations of this part may
10          be determined by lease or other contract.

11          28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13     11.     The Shanghai Garden, is a restaurant, located at/near 471 Entrada Drive, Novato,

14  California.  The Shanghai Chinese Garden restaurant, its entry, men's restroom, women's

15  restroom, and its other facilities are each a "place of public accommodation or facility" subject to

16  the barrier removal requirements of the Americans with Disabilities Act.  On information and

17  belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

18  additions", each of which has subjected the restaurant and each of its facilities, its entry, men's

19  restroom and women's restroom to disability access requirements per the Americans with

20  Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

21  regulations (Title 24).

22     12.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

23     13.     At all times referred to herein and continuing to the present time, defendants, and

24  each of them, advertised, publicized and held out the Shanghai Chinese Garden restaurant as

25  being handicapped accessible and handicapped usable.

26  ///

27  ///

28  ///

1    14.    On or about November 4, 2008, November 9, 2008, November 19, 2008,

2    November 22, 2008, November 28, 2008, December 8, 2008, December 26, 2008, January 2,

3    2009 and February 18, 2009, plaintiff CRAIG YATES was an invitee and guest at the subject

4    Shanghai Chinese Garden restaurant, for purposes of having food and/or beverages.

5    15.    On or about November 4, 2008, plaintiff CRAIG YATES struggled with the entry

6    door into the subject restaurant. After having his meal, plaintiff CRAIG YATES had need to use

7    an accessible restroom. Plaintiff CRAIG YATES powered to the men's restroom and could not

8    gain access.

9    16.    On or about November 9, 2008, plaintiff CRAIG YATES returned to the

10    Shanghai Chinese Garden restaurant and encountered the same architectural barriers:

11             •    a non-compliant entry door; and

12             •    a inaccessible restroom.

13    17.    On this occasion, plaintiff CRAIG YATES attempted to use the women's

14    restroom but could not gain access.

15    18.    On or about November 13, 2008, plaintiff CRAIG YATES wrote a detailed letter

16    to both the landlord and the tenant explaining the nature of the problem with the restrooms.

17    Plaintiff CRAIG YATES provided a diagram of what could be done to provide for a usable

18    accessible restroom.

19    19.    Subsequently, on or about November 19, 2008, November 22, 2008 and

20    November 28, 2008, plaintiff CRAIG YATES dined at Shanghai Chinese Garden restaurant and

21    encountered the same architectural barriers to wit:

22             •    non-compliant entrance; and

23             •    inaccessible restroom.

24    20.    On or about December 8, 2008, plaintiff CRAIG YATES returned to  Shanghai

25    Garden restaurant for a take out order. While waiting for his order, an older Chinese woman

26    approached him with a phone in her hand. It appeared she was speaking to someone. In

27    substance, she asked him to speak to her son, which he did. The alleged son stated in substance:

28    "We received your letter and the Health Department, o'kayed the use of the restrooms."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1 Plaintiff CRAIG YATES replied in substance: "The Health Department does not monitor or

2 make decisions about accessible restrooms." To this, the alleged son in substance stated: "The

3 other people in wheelchairs used the restrooms and the problem must be that your wheelchair

4 (plaintiff CRAIG YATES's) is too big." Plaintiff CRAIG YATES inquired in substance,

5 Whether he, (the son) spoke to the landlord about plaintiff CRAIG YATES's letter. The alleged

6 son stated in substance, that he spoke with the landlord's management and was told that the

7 restrooms were approved by the Health Department. Plaintiff CRAIG YATES responded that

8 he, (the son) should have management fix it.

9     21.    On or about December 26, 2008, plaintiff CRAIG YATES once again patronized

10 the Shanghai Chinese Garden restaurant. No remedial work was being undertaken.

11     22.    Plaintiff CRAIG YATES encountered the same architectural barriers:

12         •    non-compliant entrance; and

13         •    no accessible restrooms.

14     23.    On or about January 2, 2009 and February 18, 2009, plaintiff CRAIG YATES

15 returned to the Shanghai Restaurant. Plaintiff CRAIG YATES saw that no remedial work had

16 been undertaken. Plaintiff CRAIG YATES encountered all the referenced architectural barriers

17 stated herein.

18     24.    Therefore, at said times and place, plaintiff CRAIG YATES,

19 person with a disability, encountered the following inaccessible elements of the subject

20 Shanghai Garden Chinese Restaurant which constituted architectural barriers and a denial of the

21 proper and legally-required access to a public accommodation to persons with physical

22 disabilities including, but not limited to:

23         a.    lack of an accessible entrance;

24         b.    lack of a handicapped-accessible women's public restroom;

25         c.    lack of a handicapped-accessible men's public restroom; and

26         d.    On personal knowledge, information and belief, other public facilities and
                elements too numerous to list were improperly inaccessible for use by
27                 persons with physical disabilities.

28 ///

25. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

26. On or about November 13, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. The response from the tenant was that the restrooms were approved by the Health Department and nothing more needed to be done. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

27. As a legal result of defendant IGNACIO PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

28. As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

29. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    30.    Defendants', and each of their, failure to remove the architectural barriers
2 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
3 accommodation, and continues to create continuous and repeated exposure to substantially the
4 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

5    31.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights
6 to equal access to a public facility by defendant IGNACIO PROPERTIES, LLC, a Delaware
7 limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, because defendant
8 IGNACIO PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI
9 GARDEN RESTAURANT, maintained a restaurant without access for persons with physical
10 disabilities to its facilities, including but not limited to the entry, men's restroom, women's
11 restroom, and other public areas as stated herein, and continue to the date of filing this complaint
12 to deny equal access to plaintiffs and other persons with physical disabilities in these and other
13 ways.

14    32.    On information and belief, construction alterations carried out by defendant has
15 also triggered access requirements under both California law and the Americans with Disabilities
16 Act of 1990.

17    33.    Plaintiffs, as described herein below, seek injunctive relief to require the Shanghai
18 Chinese Garden restaurant  to be made accessible to meet the requirements of both California law
19 and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
20 defendant operates the restaurant as a public facility.

21    34.    Plaintiffs seek damages for violation of their civil rights on November 4, 2008,
22 November 9, 2008, November 19, 2008, November 22, 2008, November 28, 2008, December 8,
23 2008, December 26, 2008, January 2, 2009 and February 18, 2009, and they seek statutory
24 damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
25 Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the
26 date that some or all remedial work should have been completed under the standard that the
27 landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
28 readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject

1  public accommodation because of his knowledge and/or belief that neither some or all
2  architectural barriers had been removed and that said premises remains inaccessible to persons
3  with disabilities whether a wheelchair user or otherwise.

4      35.    On information and belief, defendant has been negligent in their affirmative duty to
5  identify the architectural barriers complained of herein and negligent in the removal of some or all
6  of said barriers.

7      36.    Because of defendants' violations, plaintiffs and other persons with physical
8  disabilities are unable to use public facilities such as those owned and operated by defendants on a
9  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
10 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
11 other accessibility law as plead herein. Plaintiffs seek an order from this court compelling
12 defendants to make the subject restaurant accessible to persons with disabilities.

13     37.    On information and belief, defendant has intentionally undertaken to modify and
14 alter existing building(s), and have failed to make them comply with accessibility requirements
15 under the requirements of ADAAG and Title 24. The acts and omission of defendant, and each of
16 them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
17 and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
18 out by defendant, and each of them, with a willful and conscious disregard for the rights and
19 safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
20 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
21 defendants, and each of them, to other operators and landlords of other restaurants, strip malls and
22 other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
23 §§ 51, 51.5 and 54.

24 ///
25 ///
26 ///
27 ///
28 ///

1       38.     Plaintiffs are informed and believe and therefore allege that defendant IGNACIO

2 PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI GARDEN

3 RESTAURANT, and each of them, caused the subject building(s) which constitute the Shanghai

4 Chinese Garden restaurant to be constructed, altered and maintained in such a manner that persons

5 with physical disabilities were denied full and equal access to, within and throughout said

6 building(s) of the restaurant and were denied full and equal use of said public facilities.

7 Furthermore, on information and belief, defendant has continued to maintain and operate said

8 restaurant and/or its building(s) in such conditions up to the present time, despite actual and

9 constructive notice to such defendants that the configuration of the subject restaurant and/or its

10 building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

11 CRAIG YATES, the membership of plaintiff DREES and the disability community which

12 DREES serves. Such construction, modification, ownership, operation, maintenance and

13 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

14 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

15       39.     On personal knowledge, information and belief, the basis of defendants' actual and

16 constructive notice that the physical configuration of the facilities including, but not limited to,

17 architectural barriers constituting the Shanghai Garden restaurant and/or building(s) was in

18 violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is

19 not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,

20 owners of other restaurants, hotels, motels - and businesses, notices they obtained from

21 governmental agencies upon modification, improvement, or substantial repair of the subject

22 premises and other properties owned by these defendant, newspaper articles and trade publications

23 regarding the Americans with Disabilities Act of 1990 and other access laws, public service

24 announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other

25 similar information. Defendants' failure, under state and federal law, to make the Shanghai

26 Garden restaurant accessible is further evidence of defendants' conscious disregard for the rights

27 of plaintiff and other similarly situated persons with disabilities.

28 ///

1  Despite being informed of such effect on plaintiff and other persons with physical disabilities due
2  to the lack of accessible facilities, defendant, and each of them, knowingly and willfully refused to
3  take any steps to rectify the situation and to provide full and equal access for plaintiffs and other
4  persons with physical disabilities to the restaurant. Said defendant, and each of them, have
5  continued such practices, in conscious disregard for the rights of plaintiffs and other persons with
6  physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant
7  had further actual knowledge of the architectural barriers referred to herein by virtue of the
8  demand letter addressed to the defendant and served concurrently with the summons and
9  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other
10 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
11 rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of
12 treble damages per Civil Code §§52 and 54.3.

13        40.      Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and
14 the disability community which it serves, consisting of persons with disabilities, would, could and
15 will return to the subject public accommodation when it is made accessible to persons with
16 disabilities.

17 **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
           ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
18         DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
           (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
19         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
           corporation and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited
20         liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)
           (42 U.S.C. §12101, *et seq.*)
21

22        41.      Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
23 allegations contained in paragraphs 1 through 40 of this complaint.

24 ///
25 ///
26 ///
27 ///
28 ///

1    42.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3  protect:

some 43 million Americans with one or more physical or mental
disabilities; [that] historically society has tended to isolate and
segregate individuals with disabilities; [that] such forms of
discrimination against individuals with disabilities continue to be a
serious and pervasive social problem; [that] the nation's proper
goals regarding individuals with disabilities are to assure equality of
opportunity, full participation, independent living and economic
self-sufficiency for such individuals; [and that] the continuing
existence of unfair and unnecessary discrimination and prejudice
denies people with disabilities the opportunity to compete on an
equal basis and to pursue those opportunities for which our free
society is justifiably famous.

     43.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive
national mandate for the elimination of discrimination against
individuals with disabilities; (2) to provide clear, strong, consistent,
enforceable standards addressing discrimination against individuals
with disabilities; (3) to ensure that the Federal government plays a
central role in enforcing the standards established in this act on
behalf of individuals with disabilities; and (4) to invoke the sweep
of Congressional authority, including the power to enforce the 14th
Amendment and to regulate commerce, in order to address the
major areas of discrimination faced day to day by people with
disabilities.

     44.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of this
title, if the operations of such entities affect commerce -

(B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    45.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

2  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

3  privileges, advantages, or accommodations of any place of public accommodation by any person

4  who owns, leases, or leases to, or operates a place of public accommodation."

5    46.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

6  42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public

Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

§51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      47.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

3  Shanghai Chinese Garden restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On

4  information and belief, if the removal of all the barriers complained of herein together was not

5  "readily achievable," the removal of each individual barrier complained of herein was "readily

6  achievable." On information and belief, defendants' failure to remove said barriers was likewise

7  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8  (b)(2)(A)(i)and (ii).

9      48.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10  accomplishable and able to be carried out without much difficulty or expense." The statute

11  defines relative "expense" in part in relation to the total financial resources of the entities

12  involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

13  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

14  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16  make the required services available through alternative methods which were readily achievable.

17      49.    On information and belief, construction work on, and modifications of, the subject

18  building(s) of Shanghai Garden restaurant occurred after the compliance date for the Americans

19  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

20  III of the ADA.

21      50.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

22  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

24  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

25  are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from

26  returning to or making use of the public facilities complained of herein so long as the premises

27  and defendants' policies bar full and equal use by persons with physical disabilities.

28  ///

51.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about February 18, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

52.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT  inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

53.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 52 of this complaint.

///

///

///

///

///

///

54.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

55.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

56.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

57.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' Shanghai Chinese Garden restaurant.

1 As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination,

2 in accordance with California Civil Code §54.3(a) for each day on which they visited or have been

3 deterred from visiting the restaurant because of their knowledge and belief that the restaurant is

4 inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

5 Any person or persons, firm or corporation, who denies or interferes
with admittance to or enjoyment of the public facilities as specified
6 in Sections 54 and 54.1 or otherwise interferes with the rights of an
individual with a disability under Sections 54, 54.1 and 54.2 is
7 liable for each offense for the actual damages and any amount as
may be determined by a jury, or the court sitting without a jury, up
8 to a maximum of three times the amount of actual damages but in
no case less than . . .one thousand dollars ($1,000) and . . .
9 attorney's fees as may be determined by the court in addition
thereto, suffered by any person denied any of the rights provided in
10 Sections 54, 54.1 and 54.2.

11 Civil Code §54.3(a)

12 58. On or about November 4, 2008, November 9, 2008, November 19, 2008,

13 November 22, 2008, November 28, 2008, December 8, 2008, December 26, 2008, January 2,

14 2009 and February 18, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and

15 54.1 in that plaintiff CRAIG YATES was denied access to the entry, men's restroom, women's

16 restroom and other public facilities as stated herein at the Shanghai Chinese Garden restaurant and

17 on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

18 59. As a result of the denial of equal access to defendants' facilities due to the acts and

19 omissions of defendants, and each of them, in owning, operating and maintaining these subject

20 public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

21 rights under Civil Code §§54, 54.1 and 54.3.

22 60. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

23 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

24 and worry, all of which are expectedly and naturally associated with a denial of access to a person

25 with physical disabilities, all to plaintiff's damages as hereinafter stated.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
2  basis that plaintiffs are persons or an entity that represents persons with physical disabilities and
3  unable, because of the architectural barriers created and maintained by the defendants in violation
4  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
5  other persons.

6       61.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
7  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'
8  rights as persons or an entity that represents persons with physical disabilities on or about
9  November 4, 2008, November 9, 2008, November 19, 2008, November 22, 2008, November 28,
10 2008, December 8, 2008, December 26, 2008, January 2, 2009 and February 18, 2009, and on a
11 continuing basis since then, including statutory damages, a trebling of all of actual damages,
12 general and special damages available pursuant to §54.3 of the Civil Code according to proof.

13      62.     As a result of defendants', and each of their, acts and omissions in this regard,
14 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
15 plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
16 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
17 the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all
18 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
19 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
20 to compel the defendants to make their facilities accessible to all members of the public with
21 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
22 the provisions of §1021.5 of the Code of Civil Procedure.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3       (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
4       corporation and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited
        liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)
5       (Health & Safety Code §19955, *et seq.*)

6
        63.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the
7
    allegations contained in paragraphs 1 through 62 of this complaint.
8
        64.    Health & Safety Code §19955 provides in pertinent part:
9
             The purpose of this part is to insure that public accommodations or
10           facilities constructed in this state with private funds adhere to the
             provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
11           of Title 1 of the Government Code. For the purposes of this part
             "public accommodation or facilities" means a building, structure,
12           facility, complex, or improved area which is used by the general
             public and shall include auditoriums, hospitals, theaters, restaurants,
13           hotels, motels, stadiums, and convention centers. When sanitary
             facilities are made available for the public, clients or employees in
14           such accommodations or facilities, they shall be made available for
             the handicapped.
15
        65.    Health & Safety Code §19956, which appears in the same chapter as §19955,
16
    provides in pertinent part, "accommodations constructed in this state shall conform to the
17
    provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
    Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
    public accommodations constructed or altered after that date. On information and belief, portions
20
    of the Shanghai Chinese Garden restaurant and/or of the building(s) were constructed and/or
21
    altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had
22
    alterations, structural repairs, and/or additions made to such public accommodations after July 1,
23
    1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part
24
    5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or
25
    additions per Health & Safety Code §19959.
26
    ///
27
    ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

66.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

67.     Restaurants such as the Shanghai Chinese Garden restaurant are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

68.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

69.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

1  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2      70.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
       EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
7  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
       SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
8      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
       EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9      corporation, and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited
       liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)
10     (Civil Code §51, 51.5)

11     71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

12  allegations contained in paragraphs 1 through 70 of this complaint.

13     72.    Defendants' actions and omissions and failure to act as a reasonable and prudent

14  public accommodation in identifying, removing and/or creating architectural barriers, policies,

15  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

16  Unruh Act provides:

17          This section shall be known, and may be cited, as the Unruh
            Civil Rights Act.
18
            All persons within the jurisdiction of this state are free and
19          equal, and no matter what their sex, race, color, religion, ancestry,
            national origin, or **disability** are entitled to the full and equal
20          accommodations, advantages, facilities, privileges, or services in all
            business establishments of every kind whatsoever.
21
            This section shall not be construed to confer any right or
22          privilege on a person that is conditioned or limited by law or that is
            applicable alike to persons of every sex, color, race, religion,
23          ancestry, national origin, or **disability.**

24  ///

25  ///

26  ///

27  ///

28  ///

1                  Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
2        modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other
3        provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
4        in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,
5        alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

6

7                  A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

8

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9

"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

10

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12

defendants, and each of them.

13

       73.    The acts and omissions of defendant stated herein are discriminatory in nature and

14

in violation of Civil Code §51.5:

15                  No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
16      or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
17      the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
18      suppliers, or customers.

19

20                  As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
limited liability company, or company.

21

22                  Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
23      modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
24      provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything
25      in this section be construed to augment, restrict or alter in any way
the authority of the State Architect to require construction,
26      alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other laws.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    74.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal
2 accommodations, advantages, facilities, privileges and services in a business establishment, on the
3 basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
4 Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
5 right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
6 shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of
7 their above cause of action for violation of the Americans with Disabilities Act at §41, *et seq*., as
8 if repled herein.

9    75.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as
10 hereinabove described, plaintiff CRAIG YATES has suffered statutory and general damages.

11    76.    Further, plaintiff CRAIG YATES suffered emotional distress (all to plaintiff's
12 damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG
13 YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including
14 trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general
15 damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to
16 proof if deemed to be the prevailing party.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2     Plaintiffs pray that this court award damages and provide relief as follows:

3 **I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

5 EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
corporation, and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited

6 liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)
(42 U.S.C. §12101, *et seq.*)

7

8     1.    For injunctive relief, compelling defendant IGNACIO PROPERTIES, LLC, a

Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive, to
9
make the Shanghai Chinese Garden restaurant, located at 471 Entrada Drive, Novato, California,
10
readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and
11
to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to
12
afford full access to the goods, services, facilities, privileges, advantages and accommodations
13
being offered.
14
    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed
15
the prevailing party; and
16
    3.    For such other and further relief as the court may deem proper.
17
**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
18   EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
AND 54.3,** *ET SEO.*
19 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
20 corporation, and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited
liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)
21 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

22     1.    For injunctive relief, compelling defendants IGNACIO PROPERTIES, LLC, a

23 Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive, to

24 make the Shanghai Chinese Garden restaurant, located at 471 Entrada Drive, Novato, California,

25 readily accessible to and usable by individuals with disabilities, per state law.

26     2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27 each occasion on which plaintiffs were deterred from returning to the subject public

28 accommodation;

1       3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2 if plaintiffs are deemed the prevailing party;

3       4.      Treble damages pursuant to Civil Code §54.3;

4       5.      General damages according to proof;

5       6.      For all costs of suit;

6       7.      Prejudgment interest pursuant to Civil Code §3291; and

7       8.      Such other and further relief as the court may deem just and proper.

8
9 **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***

10 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

11 corporation, and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)

12 (Health & Safety code §19955, *et seq.*)

13       1.      For injunctive relief, compelling defendant IGNACIO PROPERTIES, LLC, a

14 Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive, to

15 make the Shanghai Chinese Garden restaurant, located at 471 Entrada Drive, Novato, California,

16 readily accessible to and usable by individuals with disabilities, per state law.

17       2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18 alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

19       3.      For all costs of suit;

20       4.      For prejudgment interest pursuant to Civil Code §3291; and

21       5.      Such other and further relief as the court may deem just and proper.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**IV.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant IGNACIO PROPERTIES, LLC, a Delaware limited liability company a.k.a. SHANGHAI GARDEN RESTAURANT, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4    Dated: _3/5/09_____, 2009    THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*

5

6

7                                 By: _____

8                                 THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                   RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
9                                  HELPING YOU HELP OTHERS, a California public
                                   benefit corporation
10

11                           **DEMAND FOR JURY TRIAL**

12    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

13

14    Dated: _3/5/09_____, 2009    THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*
15

16

17                                 By: _____

18                                 THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                   RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
19                                 HELPING YOU HELP OTHERS, a California public
                                   benefit corporation
20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 13, 2008

Manager
Shanghai Garden Restaurant
471 Entrada Drive
Novato, CA 94949

Dear Manager of Shanghai Garden:

Recently, I dined at the Shanghai Garden Restaurant. The food was quite good but use of the restroom was quite bad. You see I use a wheelchair and I couldn't get into the men's restroom because it's too small. So, I couldn't use it and I doubt other wheelchair users could.

This letter is written the same to the owner of the building and the manager of Shanghai Garden Restaurant. You see I think it's easy to make an accessible restroom. I think there are these things you could consider:

- One, combine the men's and women's restroom and make one unisex usable restroom;

- Two, close off the hallway at the kitchen and use the hallway as part of the men's restroom. Then make the men's restroom the unisex accessible, and women's restroom just unisex. *See my diagram; or

- Third, use part of the big employee's storage room as a unisex restroom.

If you do #2, the employees will just walk around through part of the dining room.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Shanghai Garden once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.


Thank You,

*Craig Yates* [signature]

Craig Yates



#2

HALLWAY

MEN'S

Women's

Storage



Change it
Kitchen

Extend the
wall to Block off Kitchen

TAKE out wall

DOOR

Unisex accessible

UNISEX

Put in door & wall
to block off hall

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 13, 2008

Owner of Building
Shanghai Garden Restaurant
471 Entrada Drive
Novato, CA 94949

Dear Owner of Building for Shanghai Garden:

Recently, I dined at the Shanghai Garden Restaurant. The food was quite good but use of the restroom was quite bad. You see I use a wheelchair and I couldn't get into the men's restroom because it's too small. So, I couldn't use it and I doubt other wheelchair users could.

This letter is written the same to the owner of the building and the manager of Shanghai Garden Restaurant. You see I think it's easy to make an accessible restroom. I think there are these things you could consider:

- One, combine the men's and women's restroom and make one unisex usable restroom;

- Two, close off the hallway at the kitchen and use the hallway as part of the men's restroom. Then make the men's restroom the unisex accessible, and women's restroom just unisex. *See my diagram; or

- Third, use part of the big employee's storage room as a unisex restroom.

If you do #2, the employees will just walk around through part of the dining room.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Shanghai Garden once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates



#2

HALLWAY

MEN'S

Women's

Storage



Change it
Kitchen

Extend the
wall to Block off Kitchen

TAKE out wall

DOOR

Unisex accessible

UNISEX

Put in door & wall
to block off hall